Gregorio **ROSARIO**, Plaintiff,

v.

Joseph L. **BROOKS**, Defendant.

Civ. A. No. 90–11591–K.

United States District Court,
D. Massachusetts.

Feb. 21, 1995.

---

Gregorio Rosario, pro se.

Brian J. Rogal, Law Offices of Timothy M. Burke, Needham, MA, for defendant.

## MEMORANDUM AND ORDER

KEETON, District Judge.

Invoking 42 U.S.C. § 1983, *pro se* plaintiff Gregorio Rosario claims that his constitutional rights were violated by defendant Massachusetts State Trooper Joseph L. Brooks in

connection with plaintiff's arrest and conviction in federal Criminal Action No. 88–246–WD. In particular, plaintiff alleges that on August 11, 1988, defendant forcibly entered plaintiff's apartment without a warrant or probable cause, conducted an unlawful search therein, and arrested him. Plaintiff also alleges that on the day after the search, defendant intentionally filed a false affidavit in support of his application for a search warrant for plaintiff's apartment. Plaintiff contends that defendant filed the allegedly false affidavit to "cover-up" the unlawful entry and search of plaintiff's apartment.

This court denied defendant's motion for summary judgment on the grounds that defendant failed to demonstrate a lack of genuine dispute of material fact with respect to probable cause for plaintiff's arrest and to plaintiff's challenge to the validity of defendant's search warrant application.

Now before the court are (1) defendant's supplemental motion for summary judgment (Docket No. 57, filed June 30, 1994) and supporting memorandum (Docket No. 58, filed June 30, 1994); (2) plaintiff's motion to be detained at the Essex County Correctional Facility (Docket No. 49, filed May 4, 1994); and (3) plaintiff's motion to supplement objection to the April 29, 1994 hearing (Docket No. 51, filed May 10, 1994). In addition, for the purposes of deciding defendant's supplemental motion for summary judgment, I consider documents previously submitted.

## I. Procedural Background

Plaintiff filed this civil action on June 21, 1990, and shortly thereafter moved to amend his complaint. On August 20, 1990, this court denied plaintiff's motion to amend and *sua sponte* dismissed his complaint for failure to state a claim upon which relief can be granted. Plaintiff appealed the dismissal.

The First Circuit affirmed the court's dismissal of plaintiff's claim that defendant perjured himself at plaintiff's trial and vacated the court's dismissal of plaintiff's claim that defendant violated his constitutional rights by unlawfully entering and searching plaintiff's apartment and filing a false affidavit to secure a search warrant. The First Circuit remanded the action to this court for further proceedings.

This court issued a memorandum and order (Docket No. 45, filed January 6, 1993) denying defendant's motion for summary judgment (Docket No. 34, filed September 1, 1992). The court found that several disputes of material facts existed with regard to defendant's entry, search, and the sufficiency of defendant's warrant application. The court also noted that proffered evidence in the submissions before the court was insufficient to enable the court to rule on defendant's alleged no knock entry.

Plaintiff also filed a habeas corpus petition (Civil Action No. 90–13032). Judge Woodlock, by memoranda and orders on September 14, 1993 and on March 21, 1994, dismissed plaintiff's motion under 28 U.S.C. § 2255 to vacate the judgment entered against him after a criminal jury trial. In this ruling, Judge Woodlock addressed whether defendant falsely testified and the extent of such false testimony.

On April 29, 1994, this court issued a procedural order allowing defendant to file a revised motion for summary judgment by May 20, 1994 and plaintiff to file a response to this motion by June 24, 1994.

Plaintiff filed a motion to be detained at Essex County Correctional Facility (Docket No. 49, filed May 4, 1994) and a motion to supplement plaintiff's objection to the April 29, 1994 hearing (Docket No. 51, May 10, 1994). These motions were unopposed.

Defendant subsequently filed a supplemental motion for summary judgment on June 30, 1994 (Docket No. 57), with supporting memorandum (Docket No. 58).

By procedural order of July 12, 1994 (Docket No. 59), this court denied plaintiff's motion to stay all proceeding but allowed plaintiff until August 15, 1994 to respond to defendant's supplemental motion for summary judgment.

Since the docket showed no response from plaintiff to defendant's supplemental motion for summary judgment, the court, by procedural order of December 30, 1994 (Docket No. 61), allowed plaintiff's letter filed on December 2, 1994 (Docket No. 60) and plaintiff's earlier submissions to be treated as

plaintiff's response to defendant's supplemental motion for summary judgment.

Plaintiff's earlier submissions include, *inter alia*, the following: plaintiff's response to defendant's motion for summary judgment (Docket No. 35, filed September 10, 1992); and plaintiff's reply to defendant's motion for summary judgment (Docket No. 38, filed October 13, 1992).

## II. Factual Background

Certain facts are undisputed.

In August 1988, on the basis of an informant's tip, defendant, the FBI, and the informant participated in an undercover investigation of a possible cocaine sale.

On August 11, 1988 the informant met and accompanied Edwin Sanchez to an apartment building at 75 Winthrop Street in Everett, Massachusetts.

Defendant and FBI Special Agent Broderick Kennedy followed in an unmarked car. Later that night, after occurrences the details of which are in dispute, defendant and other officers forcibly entered plaintiff's apartment and arrested plaintiff and Sanchez.

At some time during or after the arrests, defendant, or others, or defendant and others together, searched plaintiff's apartment and confiscated property. Although the arresting officers did not have arrest or search warrants when they initially entered plaintiff's apartment, defendant applied for a search warrant. In his affidavit, defendant swore that he had personally observed transactions between plaintiff and the informant on the night of August 11, 1988. The warrant was dated August 12, 1988.

The contested facts include: (1) the events leading up to defendant's entry and search of plaintiff's apartment; (2) the scope of the search conducted following the arrest; and (3) the veracity of defendant's affidavit in support of his search warrant application.

Defendant addresses only the first two sets of contested facts in his supplemental motion for summary judgment.

## III. Other Pending Motions

Before addressing defendant's supplemental motion for summary judgment, I consider two other pending motions that plaintiff filed on May 4, 1994.

In his motion objecting to the April 29, 1994 hearing, plaintiff alleges that defendant was allowed "opportunities which are far beyond that of the rules pertaining to civil actions". Given the insufficient grounds set forth in this motion, I deny plaintiff's motion requesting that defendant should be precluded from filing additional motions.

Plaintiff also filed a motion requesting that he be detained at the Essex County Correctional Facility pending the final disposition of this case. Since plaintiff offers no precedent in support of the implicit contention that this court has jurisdiction and authority to enter such an order, I deny this motion also.

## IV. Collateral Estoppel

Defendant alleges that Judge Woodlock's decision denying plaintiff's petition for habeas corpus collaterally estops the plaintiff from relitigating issues determined by Judge Woodlock. Specifically, he contends that plaintiff is precluded from relitigating factual findings regarding defendant's allegedly false testimony.

Judge Woodlock did not, however, make a final decision regarding defendant's alleged no knock entry and the scope of defendant's search of plaintiff's apartment.

Judge Woodlock explicitly states that he "expresses no opinion on the propriety of the search itself." He continues, "It appears that this is an issue presently pending in a § 1983 action the petitioner is separately pursuing in another session of this court against one of the participating law enforcement officers *Rosario v. Brooks*, Civ. No. 90-11591–REK." Thus, defendant's collateral estoppel argument fails with respect to issues relating to defendant's entry and scope of search.

## V. Summary Judgment Standard

A court must allow a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed.R.Civ.P. 56(c).

In this district, both parties must comply with a local rule that requires them to include in their respective filings, supporting or opposing summary judgment "a concise statement of the material facts". D.Mass. L.R. 56.1.

Defendant's supplemental motion for summary judgment is accompanied by the required:

> concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions, and other documentation.

D.Mass.L.R. 56.1. *See* Dft.'s Supplemental Motion for Summary Judgment.

■ The rule also provides:

> Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation.

*Id.* Plaintiff has not complied with this provision. Although failure to comply with the local rule may be grounds for the court to deny the pending motion for summary judgment, I nevertheless will decide this motion on the merits for reasons explained in the remainder of this memorandum.

■ A "genuine issue is one that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party". *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). Further, a "genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require choice between the parties' differing versions of the truth at trial". *Id.*

■ In deciding a motion for summary judgment, the court must consider the record "in the light most favorable to the party opposing the motion and must indulge all inferences favorable to that party". *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 928 (1st Cir.1983).

## VI. Section 1983 Claim

To maintain a cause of action under 42 U.S.C. § 1983, plaintiff initially must establish two essential elements:

> (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981) *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In this case, there is no contention that the color of law element has not been met.

Plaintiff alleges that defendant violated his rights under the Fourth Amendment of the United States Constitution by entering his apartment, arresting him, and searching his apartment without a warrant or probable cause.

Claiming that plaintiff suffered no constitutional deprivations, defendant moves for summary judgment on plaintiff's § 1983 claim on the ground that there is no dispute of material fact and, in the alternative, that he is entitled to qualified immunity.

Defendant argues that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Although not doing so in a manner complying with Local Rule 56.1, plaintiff, in his previous filings, set forth several material facts in dispute on the issue of probable cause to enter, arrest, and search and the veracity of defendant's affidavit in support of defendant's search warrant application.

As stated previously, the court has determined that genuine issues of material fact existed with respect to defendant's entry, search of plaintiff's apartment, and the sufficiency of defendant's warrant application. Additional documentation in support of defendant's supplemental motion for summary judgment has been provided only with respect to defendant's alleged no knock entry and the scope of defendant's search of plain-

tiff's apartment. Thus, the discussion below is limited to these two issues.

### A. Alleged No Knock Entry

Defendant contends that he and other law enforcement officials knocked and announced themselves before entering plaintiff's apartment. Offering affidavits of officers Fitzgerald, Pasciucco, and Kennedy to support his contention, defendant asserts that the officers knocked loudly, announced that they were police officers, and then demanded entry. (Brook's Aff. in Support of Application for Search Warrant, August 12, 1988, ¶ 5; Fitzgerald's Aff., May 2, 1994, ¶ 3, attached to Dft.'s Docket No. 58; Pasciucco's Aff., June 29, 1994, ¶¶ 5, 6, attached to Dft.'s Docket No. 58.)

Defendant further contends that Pasciucco and Fitzgerald actually broke down the door. (Pasciucco's Aff., June 29, 1994, ¶ 7, attached to Dft.'s Docket No. 58.)

Plaintiff, however, argues in his earlier submissions that defendant forcibly entered plaintiff's apartment without probable cause and without a warrant. Plaintiff claims that defendant never knocked nor announced himself at the door before entering. (Pl.'s Response to Dft.'s Motion for Summary Judgment at 3.)

There is additional conflicting evidence on the circumstances of the entry. When asked whether there were other law enforcement officials when defendant arrived at 75 Winthrop Avenue, defendant responded, "None in the immediate area, and we had all kinds of problems with the radios. They weren't working and evidently everybody had lost us and didn't know where we were." (Brook's Dep. at 53, August 30, 1990, attached to Pl.'s Docket No. 38.)

Further, there does not appear to be any sworn testimony or affidavit to suggest that exigent circumstances existed to justify a no knock entry.

■ Drawing reasonable inferences in the light most favorable to plaintiff, I conclude that there is sufficient evidence supporting the claimed factual dispute surrounding the defendant's entry to require choice between the parties' versions, and therefore I deny

defendant's supplemental motion for summary judgment.

### B. Scope of Search

Defendant contends that the initial search of the plaintiff's apartment was limited to a protective sweep. Defendant points to the affidavits of Pasciucco, Kennedy, and Fitzgerald to support this argument.

Plaintiff, however, argues in his previous filings that defendant's search extended beyond the scope of a protective sweep and that defendant removed property from plaintiff's apartment on August 11, 1988 without a warrant or probable cause. In plaintiff's affidavit of October 7, 1992, he states that defendant searched all of the rooms of plaintiff's apartment and seized plaintiff's property. (Pl.'s affidavit at 1, October 7, 1992, attached to Pl.'s Docket No. 38.)

Specifically, plaintiff says that defendant "searched all rooms of the house including drawers to cabinets, closets, bed, and other appliances that were in the house" before a warrant was issued. (Pl.'s Response to Dft.'s Motion for Summary Judgment at 4.)

Although defendant does not explicitly state that his search was limited to a protective sweep upon entering the apartment (Brook's Aff. in Support of Application for Search Warrant, August 12, 1988, ¶ 5–9), the other law enforcement officials claim that only a protected sweep, which did not include inspection of drawers or appliances, was carried out, and no further search was conducted until notice had been received that a search warrant was issued. (Fitzgerald's Aff., May 2, 1994, ¶¶ 4, 6, attached to Dft.'s Docket No. 58; Pasciucco's Aff., June 29, 1994, ¶ 7, attached to Dft.'s Docket No. 58.)

■ The discrepancies in the parties' accounts of the defendant's entry suggest a genuine dispute of material fact, and therefore summary judgment is denied.

In summary, defendant has failed to demonstrate a lack of genuine dispute of material facts in his supplemental submissions.

### VII. Qualified Immunity

Defendant argues, in the alternative, that he is entitled to qualified immunity as to the

issues of probable cause to arrest plaintiff and to seek a search warrant. In his memorandum in support of his supplemental motion for summary judgment, however, defendant does not offer additional grounds to support his qualified immunity argument.

 Under the doctrine of qualified immunity state actors are immune from damages under § 1983 "if they have performed discretionary functions falling within the scope of their authority and have done so in an objectively reasonable manner, measured by the state of law at the time the conduct occurred. *Brennan v. Hendrigan*, 888 F.2d 189, 192 (1st Cir.1989). The court's immunity inquiry does not focus on the state actor's subjective intent, but rather on whether a belief of the state actor that actions taken were authorized would have been objectively reasonable. *Id.*

 Probable cause to arrest "exists where the facts and circumstances in the arresting officers' knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed." *Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir.1985). The key issue is whether another officer, standing in defendant's place, and having the same information that he had, could not reasonably have come to the conclusion that he had probable cause to arrest plaintiff. *See id.*

 Defendant has not shown that a reasonable officer in his position could have reasonably believed that he had probable cause at the time of plaintiff's arrest, if disputed evidence about what precise circumstances existed at that time should be resolved by a factfinder in plaintiff's favor. *Id.*

### Order

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion to be Detained at Essex County Correctional Facility (Docket No. 49) is DENIED;

(2) Plaintiff's Motion to Supplement Objection to April 19, 1994 Hearing (Docket No. 51) is DENIED;

(3) Defendant's Supplemental Motion for Summary Judgment (Docket No. 57, filed June 30, 1994) is DENIED; and

(4) This case is set for trial at 9:00 a.m., June 26, 1995.